# Atwood *v.* The State.

### *Indictment for carrying Concealed Weapons.*

1. *Fire-arms ; what is within the meaning of statute against carrying concealed weapons.*—The "fire-arm," the carrying of which is denounced by section 3555 of the Revised Code, must not necessarily be a weapon of present offense or defense. Until the pistol has lost so many of its parts that it has ceased to be a " fire-arm," the carrying it concealed, without sufficient excuse, is an indictable offense.

2. *Same.*—A pistol with the tubes imperfect and battered up, and the locks so much out of order that it could not be discharged by the trigger, is a fire-arm, the carrying of which, concealed, is prohibited.

APPEAL from Circuit Court of Walker.

Tried before Hon. WM. S. MUDD.

The appellant was tried and convicted of the offense of carrying concealed weapons. The evidence showed that the

[Atwood v. The State.]

pistol carried was one with the tubes much flattened, and out of order; that one of the locks was so much out of order that it would not stand cocked at all, and the other would not work with sufficient force to explode a cap; but that the pistol could be discharged by drawing the hammer further back and letting it fall from the hand, or by striking the caps with a knife. This was all the evidence, and the court charged the jury that "if they believed from the evidence that the defendant carried concealed such a pistol as the one described by the witness, then they must find him guilty." To this charge the defendant duly excepted. He then requested the court to charge the jury that, "in order to convict the defendant, they must be satisfied from the evidence that the pistol carried by the defendant must have had such a degree of perfectness, as that it may reasonably be carried and used as a weapon." This charge the court refused, and defendant excepted. The charge given, and the refusal to give the charge asked, are now assigned as error.

VAN HOOSE & POWELL, for appellant.

JOHN W. A. SANFORD, Attorney General, contra.

BRICKELL, C. J.—The only inquiry presented by the evidence was, whether the weapon carried by the appellant was a pistol, within the meaning of the statute against carrying concealed weapons. R. C. § 3555. The offense does not consist in the carrying a pistol which is capable of being used as a weapon of present offense or defense. If it did, a pistol not loaded would not constitute the offense. Yet it has been expressly decided, under a statute similar to ours, the offense was complete though the pistol was not loaded, and therefore not capable of use as a fire-arm. State v. Dugan, 6 Blackf. 31. Nor are we aware it has ever been doubted, such was the proper construction of our statute. A pistol may lose so many of its parts that it would cease to be the weapon contemplated by the statute. The weapon contemplated is a fire-arm; this is manifest from the words of the statute, "a pistol, or fire-arms of any description." Until the pistol has lost so many of its parts that it has ceased to be a fire-arm, and is incapable of use as such, carrying it concealed, in the absence of the exculpatory circumstances mentioned in the statute, is an indictable offense. A fire-arm is a weapon acting by the force of gun-powder, and a pistol is a small, light fire-arm. The pistol earliest in use

was a matchlock arm, and yet a fire-arm, the lock containing a match for firing it. This was succeeded by the "flint and steel" lock, and this by the percussion lock. The manner in which the weapon can be fired does not enter into its definition, however it may affect its value and utility. The "flint and steel" lock had not entirely disappeared when the first statute against carrying concealed weapons was enacted. Carrying such a pistol concealed, though it was without a flint, or other appliance by which it could be fired, was, and would now be within the statute, though as a fire-arm it was scarcely capable of use. So of a matchlock, or any other kind of pistol, which has not lost so many of its parts that it has ceased to be a fire-arm. No inquiry into its incompleteness, or value, or capability of use, can be indulged, without departing from the words of the statute ; nor is it material what is the motive for carrying it, unless the excusing facts mentioned in the statute can be shown. The usefulness of the statute would be greatly impaired if such inquiries were permitted, and the seeming incapability of the weapon for immediate use would become the frequent means of evading its penalties. It cannot be doubted the weapon carried was a pistol, though it may not have been in good repair, and scarcely more capable of inflicting injury than the most improved fire-arm unloaded, or the old "flint and steel" without the flint. There was no error in the charge given by the court, or the refusal to charge as requested, and the judgment is affirmed.