# Redus *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Constituents of offense; character of weapon.*—A conviction may be had for carrying a pistol concealed about the person (Code, § 4109), although the handle and the mainspring were broken, and the weapon could not be discharged in the ordinary way, though it might be discharged by striking the hammer with a knife, or other instrument.

2. *Withdrawal of charges asked.*—When charges asked are submitted to the court without being read aloud, they can not be withdrawn, on an intimation by the presiding judge that he should refuse them ; such action amounts to a refusal, and they should be marked as refused (Code, § 3109), in order that the jury may take them with the other charges, given and refused, on their retirement.

FROM the Circuit Court of Limestone.
Tried before the Hon. LEROY F. BOX.

R. A. McCLELLAN, and J. J. TURRENTINE, for appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The indictment is found under section 4109 of the Code of 1876, and charges the defendant with carrying a pistol concealed about his person. The weapon was a small cartridge pistol, the handle and mainspring of which were broken ; but, as the evidence tends to show, it could be fired by holding it in one hand, and striking the hammer with a knife, or other instrument. To constitute the statutory offense, it is not requisite that the pistol concealed should be complete in all its parts, or capable of direct and immediate use of offense or defense. Neither

[Redus v. The State.]

completeness, impaired condition, nor efficiency, is a proper subject of inquiry, unless it has lost so many of its parts as to be harmless and worthless as a weapon—ceases to be a fire-arm. The condition of a pistol may vary, without destroying its essential nature. An unloaded pistol, or one difficult to discharge, or which can not be dischaiged in the ordinary way, but can be by a match, or by striking the hammer, is a pistol within the meaning of the statute. A broken handle and mainspring, and want of a tube, if the pistol is capable of being otherwise fired, do not acquit the defendant of the condemnation of the statute.

On the authority of *Atwood v. State*, 53 Ala. 508, and *Hutchinson v. State*, 62 Ala. 3, the pistol shown to have been carried by the defendant concealed about his person, must be held to be a pistol within the meaning of the statute. The court did not err in the charges given, nor in the refusals to charge as requested.—Bish. on Stat. Cr., § 791; *Williams v. State*, 61 Ga. 417.

The solicitor asked several charges in writing, which were laid on the judge's stand without being read audibly. After inspecting them, and without marking them "refused," the presiding judge remarked to the solicitor, that it was his purpose to refuse the charges, if required to pass upon them, and that he might withdraw them, or allow them to be marked "refused," and if so marked, they would be carried out by the jury when they retired; and thereupon the solicitor withdrew the charges, against the objection of defendant. Examination of the charges, the determination to refuse them, and the announcement of that determination, legally constituted a refusal. It thereupon became the duty of the judge, under the statute, to write upon them "refused," and sign his name thereto, so that they might become a part of the record, and the jury might take them on their retirement.—Code of 1876, § 3109. The theory of the statute is, that frequently it is important for the jury to understand both what is, and what is not, the law of the case.—*Beard v. Ryan*, 78 Ala. 37. A party has no right to withdraw charges requested, after the judge has declared his determination to refuse them. To allow a party to withdraw such refused charges would be to afford an opportunity to experiment with the court, and to deny the adversary party the benefit of having the jury take and consider them on their retirement, against the spirit and policy of the statute.

Reversed and remanded.