STATE OF MISSOURI, Respondent, v. MONROE ROBERTS, Appellant.

St. Louis Court of Appeals, January 21, 1890.

Criminal Law: CARRYING CONCEALED WEAPONS. The carrying of a pistol, not for use as a weapon, but only for the purpose of delivering it to the owner of it, is not criminal.

*Appeal from the Ozark Circuit Court.*—HON. J. F. HALE, Judge.

REVERSED AND REMANDED.

*J. L. Davis*, for the appellant.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant was indicted, tried and convicted, on a charge of carrying concealed upon his person a dangerous and deadly weapon. There was evidence, on part of the state, tending to show that the defendant did carry, concealed upon his person, an unloaded revolving pistol. This made a *prima facie* case for the state. The defendant introduced evidence tending to show, that he carried the pistol only as a messenger for the purpose of returning it to the owner, that he did not carry it as a weapon, and that he had no intention of using it as a weapon.

This being the evidence, the court charged the jury for the state as follows:

"The court intructs the jury that if you find from the evidence in this case that the defendant, at any time within one year next before the finding of this indictment, carried concealed upon or about his person a pistol, in Ozark county, Missouri, as charged in the indictment, you will find him guilty and assess his punishment at a fine not less than fifty dollars, nor more than two hundred dollars, or by imprisonment in the county jail not less than five days, nor more than six months, or by both such fine and imprisonment."

And refused to give the following instruction asked by the defendant:

"That although you may find and believe from the evidence that the defendant carried upon or about his person a pistol, yet if you further find that said pistol was delivered to him by J. W. Nelson, to be delivered to the owner, and that he had said pistol for that purpose only, and was not carrying the same as a weapon, you should acquit."

Upon authority of *State v. Larkin,* 24 Mo. App. 410, we must conclude that the court misdirected the jury. If the defendant carried the pistol as a mere messenger, without any intention, fairly inferable from the testimony, that he intended to use it as a weapon, he was entitled to his discharge. While the defendant's instruction should, perhaps, have been couched in more general terms, the principle embodied therein is clearly correct. Under the instruction given on behalf of the state, the jury were bound to find the prisoner guilty, even if they believed the defendant's evidence to be true. A pistol is a deadly weapon only when carried for use, and all that can be said is that, *prima facie,* the fact of its being carried is evidence that it is carried for use; but the defendant is at liberty to rebut this inference, by showing that he carried it as a mere article

of merchandise, or, as in this case, as a mere messenger for transmission to a third party, without any intention to use it as a weapon.

It results that the judgment must be reversed, and, all the judges concurring, it is reversed and the cause remanded.