## STATE v. FRANK BOLLIS.

CONCEALED WEAPON.   *Unloaded pistol within the statute.*   *Code* 1892, § 1026.

An unloaded pistol is within the statute making it a misdemeanor to carry concealed, in whole or in part, any pistol or other deadly weapon of like kind or description.   Code 1892, § 1026.

FROM the circuit court of Choctaw county.

HON. C. H. CAMPBELL, Judge.

The appellee was indicted for unlawfully carrying concealed, in whole or in part, a certain pistol, then and there a deadly weapon, contrary to the form of the statute, etc.   The evidence disclosed the fact that the pistol carried was "unloaded and empty," and the court below thereupon instructed the jury that the pistol, being unloaded, the same was not a deadly weapon, and that the law had, therefore, not been violated.

The state appealed.

*Frank Johnston*, attorney-general, for the state.

Under the code of 1857, which forbade the exhibiting of a deadly weapon, it was held that it was not necessary to charge that the pistol was loaded.   *Gamblin* v. *State*, 45 Miss., 658. A pistol, though unloaded, is a deadly weapon in both common acceptation and also in the sense in which the words "pistol . . . or other deadly weapon" are used in § 1026, code 1892. The pistol is the instrument ordinarily considered the death-dealing agent.   The cartridge, or load, may be inserted with great rapidity, and can be carried about the person apart from the pistol, and the objects of the statute would be thus defeated if it is confined to loaded pistols.

WHITFIELD, J., delivered the opinion of the court.

It is not necessary to aver, in an indictment under § 1026 of the annotated code of 1892, or to prove on the trial thereunder, that the "pistol" was loaded. A pistol is one of the class of weapons denominated by the statute "deadly," and commonly spoken of as deadly. To hold that, to make it a deadly weapon within the meaning of this statute, it must be "loaded," would be (1) to read the word "loaded" into the statute, and (2) practically to nullify the beneficent purpose of the law. Under such a construction, nothing could be easier than to carry the pistol in one pocket and the cartridges in another, and, when desired, load quickly, and take life. The statute was enacted in the interest of the preservation of life, by affixing the stigma of the law of the land to him who carries a concealed pistol, loaded or unloaded, except in the cases allowed by the statute. There was error in the ruling of the court below. *Gamblin* v. *State*, 45 Miss., 658; *Strahan* v. *State*, 68 Miss., 347.

*Reversed.*