COMMONWEALTH *vs.* JAMES A. MURPHY.

Suffolk.    March 30, 1896. — May 22, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Drilling or Parading with Firearms — Statute — Law and Fact — Constitutional Law.*

An ordinary breech-loading Springfield rifle, which has been altered and bored in the barrel near the breech, and the firing-pin of which has also been filed down so as to make it immovable, and which in this condition is incapable of discharging a missile by means of gunpowder or any other explosive, is a firearm within the meaning of St. 1893, c. 367, § 124, which prohibits all but certain bodies of men from drilling or parading with firearms; and at a trial of a com-

plaint for a violation thereof the question whether the statute includes the weapon produced and exhibited is for the court, and not for the jury.

The provision of St. 1893, c. 367, § 124, which prohibits all but certain bodies of men from drilling or parading with firearms, is constitutional.

COMPLAINT, on St. 1893, c. 367, § 124, to the Municipal Court of the City of Boston, alleging that the defendant, on March 17, 1895, at said Boston, " did belong to and parade with a certain unauthorized body of men with arms, called the 'Sarsfield Guards,' which said body of men had theretofore associated themselves together, and were then associated together, as a company and organization for drill and parade with firearms, said body of men being other " than certain bodies of men specified, who were permitted by the statute to drill and parade. Trial in the Superior Court, before *Sherman*, J., who ruled that the question whether or not the weapon which was produced and exhibited at the trial was a " firearm," was one of law for the court, and instructed the jury that the weapon was a " firearm," within the meaning of the statute.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*T. J. Gargan*, (*S. C. Brackett* with him,) for the defendant.

*J. D. McLaughlin*, Second Assistant District Attorney, for the Commonwealth, submitted the case on a brief.

ALLEN, J. The defendant contends that this statute is in contravention of the seventeenth article of the Declaration of Rights, which declares that " the people have a right to keep and bear arms for the common defence." This view cannot be supported. The right to keep and bear arms for the common defence does not include the right to associate together as a military organization, or to drill and parade with arms in cities and towns, unless authorized so to do by law. This is a matter affecting the public security, quiet, and good order, and it is within the police powers of the Legislature to regulate the bearing of arms so as to forbid such unauthorized drills and parades. *Presser* v. *Illinois*, 116 U. S. 252, 264, 265. *Dunne* v. *People*, 94 Ill. 120. The protection of a similar constitutional provision has often been sought by persons charged with carrying concealed weapons, and it has been almost universally held that the Legislature may regulate and limit the mode of carrying arms.

*Andrews* v. *State*, 3 Heisk. 165.   *Aymette* v. *State*, 2 Humph. 154. *Wilson* v. *State*, 33 Ark. 557.   *Haile* v. *State*, 38 Ark. 564.   *English* v. *State*, 35 Texas, 473.   *State* v. *Reid*, 1 Ala. 612.   *State* v. *Wilforth*, 74 Mo. 528.   *State* v. *Mitchell*, 3 Blackf. 229.   See also Bish. Stat. Cr. § 793. The early decision to the contrary of *Bliss* v. *Commonwealth*, 2 Litt. 90, has not been generally approved.

The defendant further contends that this statute, which mentions certain military bodies as exempt from its operation, is class legislation, and grants exclusive privileges to certain classes of citizens which are denied to the body of the people. It is not contended that the troops of the United States, or the regularly organized militia of the Commonwealth, should be forbidden to drill and parade ; but the argument is that the Legislature has no power to single out other independent organizations, and give to them peculiar rights which it denies to others. But in regulating drills and public parades, it is for the Legislature to determine how far to go. No independent military company has a constitutional right to parade with arms in our cities and towns, and the granting of this privilege to certain enumerated organizations does not carry with it the same privilege to all others. It is within the power of the Legislature to determine, in reference to such independent organizations, which of them may, and which of them may not, associate together and organize for drill and parade with firearms. No decision has been cited to us which intimates the contrary. The granting to certain persons of special privileges of this kind, which do not interfere with the rights of others, is not open to objection on constitutional grounds.

It appeared in evidence that the defendant, with ten or twelve other men, formed one company in the parade, and that all the men in this company carried ordinary breech-loading Springfield rifles, which had been altered and bored in the barrel near the breech, and the firing-pins had also been filed down so as to make them immovable ; and in this condition they could not discharge a missile by means of gunpowder or any other explosive. The defendant contends that these weapons were not firearms, within the meaning of the statute. The purpose for which these alterations were made is not disclosed. They would not be obvious to the ordinary observer while the rifles were car-

ried in the parade. So far as appearance went, it was a parade with firearms which were efficient for use. To the public eye, it was a parade in direct violation of the statute. The men who carried these weapons could not actually fire them, but it would be generally supposed that they could. With the exception of the danger of being actually shot down, all the evils which the statute was intended to remedy still existed in the parade in which the defendant took part. To hold that such a weapon is not a firearm within the meaning of the statute would be to give too narrow and strict a construction to its words. It was originally a firearm which was effective for use. The fact that it was disabled for use did not change its name. It was for the court to determine whether the statute included the weapon which was produced and exhibited at the trial, and his instruction to the jury that it was a firearm within the meaning of the statute was right. *Williams* v. *State*, 61 Ga. 417. *Atwood* v. *State*, 53 Ala. 508. Bish. Stat. Cr. § 791.

*Verdict of guilty to stand.*