# Fielding *v*. The State.

*Indictment for Carrying Concealed Weapons.*

1. *Carrying concealed weapons; constituents of offense; character of weapon.*—A conviction may be had for carrying a pistol concealed about the person (Code, § 4420), although the main-spring was broken and the pistol could not be discharged in the ordinary way, though it might be discharged by striking the hammer with a knife or other instrument.

2. *Same; same; not necessary that weapon was concealed intentionally.*—In a prosecution for carrying a pistol concealed about the person, it is not necessary for conviction that the defendant should have intentionally or willfully and knowingly have carried a pistol concealed about his person; if carried concealed carelessly or indifferently it is a violation of the law.

3. *Same; same; drunkenness no excuse.*—Drunkenness, it matters not in what degree of intoxication, is no excuse or defense for carrying a weapon concealed about the person.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case, Richard Fielding, was indicted, tried and convicted for carrying a pistol concealed about his person.

The evidence for the State tended to show that the defendant had concealed about his person twelve months before the finding of the indictment, in Montgomery county, a 22 calibre pistol; that although the main-spring was broken all the other parts of the pistol were in order, and that the pistol could be fired by striking the hammer with a knife or other instrument. There was evidence introduced on the part of the defendant that the pistol was broken and worthless and could not be shot in the condition it was when carried by him. The defendant, as a witness in his own behalf, testified that on the day he was arrested for carrying a pistol concealed about his person, he bought the pistol for 25 cents; that it was broken and could not be shot; that after buying it he became intoxicated, removed his coat and put his pistol in his hip pocket, that he continued to drink and became so drunk he did not know what happened; that when he first put the pistol in his pocket he could not say its handle was sticking out, and did not remember whether the pitol slipped down in his pocket and became concealed or not.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury are reasonably satisfied from the evidence that the defendant intended to carry the pistol unconcealed, and that the same became concealed without the defendant's intending it, then they must acquit the defendant." (2.) "If the jury are reasonably satisfied from the evidence that the defendant at the time he was found with the pistol was too intoxicated to form an intent, then they must acquit the defendant." (3.) "If the jury are satisfied from the evidence that the defendant had no intent to carry a pistol concealed about his person, then they must acquit the defendant." (4.) "If a man becomes so drunk that he loses the power to form

an intent to break the law, then his drunkenness is an excuse for crime."

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

DOWDLEL, J.—The defendant was indicted and convicted for carrying a pistol concealed about his person. The evidence showed that the pistol was complete in all of its parts except that the main-spring was broken. It could not be fired in the usual manner, but could be discharged by striking the hammer with a knife or other instrument. The pistol as described falls within the influence of the statute against carrying concealed weapons.—Crim. Code, § 4420; *Redus v. State,* 82 Ala. 53.

It is the act of carrying the pistol concealed about the person which the law condemns, and it is, therefore, unimportant whether there was a particular intent to carry it concealed or not. If carried concealed carelessly or indifferently it is a violation of the law. The charges requested by the defendant relative to his intent as to the manner of his carrying the pistol were properly refused.—*Barker v. State,* 126 Ala. 83. Moreover, there was no evidence that he did not intend to conceal it, and for that reason the charges were abstract.

Drunkenness, no matter the degree of the intoxication, is no excuse, or defense, for carrying a concealed weapon. The charges requested by the defendant on this ground were properly refused.

We find no error in the record, and the judgment must be affirmed.