# CHARLESTON.

## STATE *v.* CHARLES TAPIT.

Submitted September 5, 1902.   Decided March 21, 1903.

1. CARRYING CONCEALED WEAPONS—*Revolver.*

   If a person on request of the owner carry a revolver from his (the carrier's) boarding house to a shop to be repaired, he is technically guilty under section 7, chapter 148, Code, although such revolver was broken at the time, and would not explode a cartridge.   (p. 475).

Writ of error to Circuit Court, Clay County.

Action by State of West Virginia against Charles Tapit. Judgment for plaintiff, and defendant appeals.

*Affirmed.*

ATTORNEY GENERAL, for plaintiff.

HENRY B. DAVENPORT, for defendant.

DENT, JUDGE:

In the case of the State against Charles Tapit, the defendant was found guilty by the circuit court of Clay County, a jury having been waived, of carrying a revolver, and judgment was entered against him imposing a fine of twenty-five dollars. Here he relies on two assignments of error.

The first is that the demurrer to the indictment was not sustained. The indictment was found under section 7, chapter 148, Code, which is as follows: "If any person carry about his person a revolver or other pistol, dirk, bowie knife, razor or slung shot, billy, metalic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor and fined not less than twenty-five dollars nor more than two hundred dollars, and may at the discretion of the court, be confined in jail not less than one nor more than twelve months; and if any person shall sell or furnish any such weapon as is hereinbefore mentioned to any person whom he knows, or has reason, from his appearance or otherwise, to believe to be under the age of twenty-one years, he shall be punished as hereinbefore provided; but nothing herein

before contained shall be so construed as to prevent any person from keeping or carrying about his dwelling house or premises, any such revolver or other pistol, or from carrying the same from the place of purchase to his dwelling house, or from his dwelling house to any place where repairing is done, to have it repaired and back again. And if upon the trial of an indictment for carriyng any such pistol, dirk, razor or bowie knife, the defendant shall prove to the satisfaction of the jury that he is a quiet and peaccable citizen, of good standing and character in the community in which he lives, and that at the time he was found with such pistol, dirk, razor or bowie knife, as charged in the indictment, he had good cause to believe, and did believe that he was in danger of death or great bodily harm at the hands of another person, and that he was in good faith carrying such weapon for self-defense, and for no other purpose, the jury shall find him not guilty. But nothing in this section shall be so construed as to prevent any officer, charged with the execution of the laws of the State, from carrying a revolver, or other pistor, dirk. or bowie knife." The grounds of demurrer relied on are as follows, to-wit: That the indictment does not aver that the pistol was a dangerous or deadly weapon, nor that the place where the defendant had the revolver was not about his dwelling house, etc; nor that he was not carrying it from the place of purchase to his dwelling house; nor that he was not carrying it from his dwelling house to a place where repairing was done, to have it repaired; nor that the said defendant was not then and there an officer charged with the execution of the laws of the State, etc. Presumptively a revolver or pistol is a dangerous and deadly weapon, and it is unnecessary to so allege in the indictment. The other matters are exceptions contained in separate clauses of the statute from that defining the offense, and it is unnecessary to negative them, as they are strictly matters of defense.

The true rule is that only those exceptions need be negatived in an indictment under a statute which are a part of the description of the offense. Where the description of the offense is in general terms, and the exceptions are such as permit certain persons under certain circumstances to do the thing forbidden, such exceptions need not be set out negatively, but the defendant on the trial may excuse himself from the charge by showing

himself within the provisions of one or more of the exceptions. *State* v. *B. & O. R. R. Co.,* 15 W. Va. 362; *Commonwealth* v. *Hill,* 5 Grat. 682; 10 En. Plead & Prac. 495. The demurrer was properly overruled.

The second assignment is that the finding of the court was contrary to the law and evidence. The proof, which is wholly undisputed, is that the defendant, who is a peddlar, was seen with a broken revolver in his possession which the owner at the peddlar's boarding house had given him to take to a shop for repair. The circuit court found the defendant guilty for the reason that the statute did not · except broken revolvers, and that it did not permit any one to carry such to a shop for repairs, except the real owners.

The court holds the defendant guilty of a violation of the statute. That the fact that the revolver was out of repair furnishes him no justification, as he •was carrying the revolver of another person, not his own, from his, and not the owner's dwelling place, to the place of repair. Bishop on Statutory Crimes, sec. 491; *Williams* v. *State,* 61 Ga. 417; *Atwood* v. *State,* 53 Ala. 508. In this conclusion I do not concur. First, because I am of the opinion that the revolver at the time was not a deadly weapon within the meaning of our statute; and second, because the defendant was technically the legal owner of the revolver at the time he was seen carrying it from his dwelling place to the shop for repair.

In accord with the will of the majority, the judgment is affirmed.

*Affirmed.*

BRANNON, JUDGE:

I have two reasons for affirmance. 1. The law allows a man, for defence of his person and home, to keep a pistol on his premises, and to take it to a shop for repair, and bring it back, but it does not allow him to carry pistols of other people to a shop. For his defense it is not necessary thus to multiply the instances of his carriage and the danger therefrom. The law does tolerate one instance of carriage; but not a carriage for others. "By what appears to be the better opinion, if it has no mainspring or only a broken one, and if it cannot be discharged in the ordinary way, yet can be by a match, it is still

a pistol within the statute, though the contrary was once held."
This statement of Bishop's Stat. Crimes, sec. 791, I find on
examination of the cases to be a fair exposition of the law.
And I will add the question, cannot a disabled pistol inspire
fear in the act of robbery as well as one in perfect condition?

JUDGES McWHORTER and POFFENBARGER concur herein.
JUDGE MILLER decided the case in the circuit court and did
not sit in this Court.