### STATE *vs.* CLARENCE ROTHWELL.

1. HOMICIDE—ASSAULT WITH INTENT TO MURDER—INTENT.

In a prosecution for assault with intent to murder, the testimony must prove an intent to murder, and that, if death had resulted, the accused would be guilty of murder.

2. HOMICIDE—INSTRUCTIONS—ASSAULT WITH INTENT TO MURDER—DEGREES OF MURDER.

In a prosecution for assault with intent to murder, it is not necessary to define the different kinds of felonious homicide and degrees of murder.

3. HOMICIDE—ASSAULT WITH INTENT TO MURDER—"MALICE".

To convict for assault with intent to murder, the state must prove that the assault was committed maliciously, which may be done by proving that the unlawful act was done cruelly, spitefully, or revengefully, by a person with a heart fatally bent on mischief, and with utter disregard of human life.

4. HOMICIDE—SUFFICIENCY OF EVIDENCE—ASSAULT WITH INTENT TO MURDER—PROOF OF INTENT.

The intent to murder must be proved as convincingly as any other essential element of the charge, but may be proved by indirect and circumstantial evidence, such as the character of the assault, the kind of weapon used, the danger of producing death, and other acts showing the condition of the assailant's mind.

5. CRIMINAL LAW—PROSECUTIONS—"REASONABLE DOUBT".

One accused of a crime is presumed to be innocent until his guilt is proved beyond a reasonable doubt, which is not a vague or mere possible doubt, but a reasonable, real, substantial doubt growing out of the testimony, such as reasonable, fair-minded, and conscientious men would feel constrained to entertain after considering all the evidence.

6. CRIMINAL LAW—MISCONDUCT AT TRIAL—ARREST OF DEFENDANT'S WITNESSES.

It is improper for an officer to arrest witnesses for the accused, on warrants charging perjury, in the presence of the jury, before they have begun their deliberations.

7. CRIMINAL LAW—NEW TRIAL—MISCONDUCT AFFECTING JURORS.

The making of such arrest will not entitle the accused to a new trial, in the absence of the showing that the jury was influenced thereby, as such acts are as apt to create sympathy for as prejudice against the accused.

(*October* 2, 1914.)

PENNEWILL, C. J., and CONRAD, J., sitting.

*Armon D. Chaytor, Jr.*, Deputy Attorney General, for the state.

*J. Frank Ball* for the defendant.

Court of General Sessions, New Castle County, September Term, 1914.

Clarence Rothwell was indicted (No. 60, September Term, 1914) for assault with intent to commit murder. The jury returned a verdict of guilty, and motion for new trial was refused.

At the trial it was shown that on a Sunday afternoon, the sixth of September, 1914, at a colored campmeeting held at Green Spring, in New Castle County, one John Starky, a colored man who had been to the campmeeting was going down a wood road or lane when the accused, Rothwell, who was standing on the side of the road, said to Starky, "Old man, are you looking for trouble?" that Starky said, "No, I am not looking for trouble; I am going down to look for my son"; and that Rothwell in the

meantime had his revolver out, and without saying anything else, aimed and fired it at Starky, the bullet penetrating Starky's right chest and coming out of his back.

The accused's defense was a complete denial of the charge.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—It is charged in this indictment that Clarence Rothwell, on the sixth of September of the present year, at a campmeeting in this county, committed an assault on one John Starky with the intent him the said Starky to kill and murder.

[1]   This charge, you observe, embraces not only an assault, but also an intent to murder.

In order to convict the accused as indicted you must be satisfied from the testimony beyond a reasonable doubt, (1) that the alleged assault was committed by the accused; (2) that it was committed by him with the intent to murder Starky, and that if Starky had died from the effects of the injuries inflicted the accused would be guilty of murder.

In order to explain the last requirement it is necessary to tell you briefly what would constitute the crime of murder.

[2]   We think, however, it might confuse rather than help you if we should undertake to define the different kinds of felonious homicide, and degrees of murder.

[3]   It is only necessary in a case of this kind, where the accused is charged, not with murder, but only with the intent to murder, to instruct the jury that an essential requisite of murder is malice, and if one person kills another maliciously he commits murder. Therefore, in order to show that a person assaulted another with intent to murder him the state must prove that the assault was committed maliciously.

In this case the party assaulted did not die, and you are therefore not trying the accused for murder but for an assault with intent to murder. In order to convict the accused of this charge, you must be satisfied, not only that he intended to kill the person assaulted but that he did it with malice in his heart. It is not easy to define just what the law means by malice. You

know in a general way what is meant when an act is said to have been done maliciously. It denotes a condition of the mind and heart at the time of the commission of the act. It may be sufficient for the purposes of this case to say, that when an unlawful act is done cruelly, spitefully or revengefully it is done maliciously. If an act is committed by a person with a heart fatally bent on mischief and in utter disregard of human life it is committed with malice. If the killing is done with a deadly weapon, it is presumed to have been done with malice, in the absence of evidence to the contrary.

You perceive from what we have said, that before you can convict the accused in manner and form as he stands indicted you must be satisfied that he committed the assault with the intent to kill and that he did it maliciously.

[4] We have endeavored to tell you in simple language what is meant by malice. It is not necessary to tell you what is meant by the expression "intent to murder". It means of course just what the language imports, and you understand that as well as we do. We do say that the intent to murder must be proved as fully and convincingly as any other essential element of the charge. But inasmuch as such intent cannot ordinarily be proved by direct evidence, such as the confession or declaration of the accused, it must ordinarily be proved, if proved at all, by indirect or circumstantial evidence. It is, therefore, the duty of the jury to carefully consider all the facts and circumstances proved in the case in order to determine whether such intent existed or not. For this purpose the jury may consider the character of the assault, the kind of weapon used, the danger of producing death, and any other acts which show the condition of the assailant's mind at the time the alleged crime was committed.

[5] In every criminal case the accused is presumed to be innocent until his guilt is proved beyond a reasonable doubt. If, therefore, after carefully considering all the evidence in this case you should entertain a reasonable doubt of the guilt of the accused, your verdict should be not guilty. But, such a doubt must not be a vague or mere possible doubt, but a reasonable, real and substantial doubt, growing out of the testimony; and

such as reasonable, fair-minded and conscientious men would feel constrained to entertain after considering all the evidence.

If you are not satisfied from the evidence that the accused committed an assault upon the prosecuting witness, your verdict should be not guilty. If you believe he did commit the assault but are not satisfied that it was committed with an intent to murder, your verdict should be guilty of an assault only.

If you are satisfied that the assault was committed by the accused maliciously, that is, with an intent to murder, your verdict should be guilty in manner and form as indicted.

Verdict, guilty.

Counsel for the accused moved for a new trial, and subsequently filed reasons therefor, which are set forth in the opinion of the court in refusing the motion.

PENNEWILL, C. J., delivering the opinion of the court:

The grounds relied on in the motion for a new trial are that—

*First*, the verdict was against the evidence.

*Second*, that the verdict was against the law.

*Third*, "that the Deputy Attorney General had caused warrants to be issued against six of the witnesses who testified for the defendant, charging them with perjury; that said witnesses had been duly and regularly summoned to appear in said court, and in obedience to said summons had appeared and testified and were on their way from the court house to their homes and had just stepped outside of the court house when they were seized and placed under arrest by Frank McCoy, one of the detectives attached to the Attorney General's office, and by a number of uniformed police officers of the City of Wilmington; that said arrest of said witnesses was made in a spectacular manner in the presence of the members of the jury who had been impaneled to hear the case, and who had heard the said witnesses testify in the case, but had not at that time received the charge of the court and had not reached their verdict."

*Fourth*, that it was publicly charged in the presence of the said jurors, that the said witnesses had been arrested charged

with having committed perjury in testifying in the case which said jurors had at that time under deliberation.

*Fifth*, that the said arrest of said witnesses at the time in which it was made, was unlawful and could not but have influenced the minds of the jurors against the defendant Rothwell.

*Sixth*, that said witnesses all resided within the State of Delaware and could have been served with warrants charging them with the alleged offense at any time, and there was no occasion or necessity for the arrest to have been made in the manner in which it was made.

That, therefore, there was a mistrial in the above stated cause, and the said defendant, by J. Frank Ball, his attorney, prays the court that the verdict in this case may be set aside and a new trial granted.

[6] The court are clear in their opinion and strong in their feeling that the arrests should not have been made at the time and in the manner they were made. We think it improper for the state to cause the arrest of a defendant's witnesses in the presence of the jury, during the trial of the case, and before the rendition of the verdict.

[7] But we have no thought, and neither has defendant's counsel, that the Deputy Attorney General intended that the arrests should be so made. The writs were executed by the officers at an unfortunate time, that is all. While the arrests were improperly made, there is no evidence that the jury were influenced in any way or to any extent thereby. The acts of the officers were quite as likely to have created a feeling of sympathy on the part of the jury for the prisoner as one of prejudice against him.

The motion is refused.