## STATE vs. THEODORE QUAIL.

WEAPONS—CARRYING CONCEALED A "DEADLY WEAPON".

A revolver, though unloaded or so defective that it cannot be fired, is a "deadly weapon", within 16 *Del. Laws,* c. 548 (*Rev. Code*, 1893, *p.* 987) § 1, as amended by 25 *Del. Laws, c.* 252, punishing carrying concealed a deadly weapon.

(<em>October</em> 21, 1914.)

PENNEWILL, C. J., and CONRAD and HEISEL, J. J., sitting.

*John B. Hutton*, Deputy Attorney General, for the state.

*Thomas C. Frame, Jr.*, for the accused.

Court of General Sessions, Kent County, October Term, 1914.

Theodore Quail was charged with unlawfully carrying concealed a deadly weapon.

INDICTMENT (No. 12, October Term, 1914) alleging—

"that Theodore Quail, late of Mispilion Hundred, on the fourteenth day of October, 1914, with force and arms at Mispilion Hundred did then and there unlawfully carry concealed a deadly weapon upon and about his person, other than an ordinary pocket knife, namely, a revolver," etc.

At the trial the state proved that at the time and place laid in the indictment there was found concealed upon the person of the accused an unloaded revolver.

Counsel for accused thereupon asked the court to instruct the jury to return a verdict of not guilty because of a variance between the proof and the allegation in the indictment, in that the indictment charged the accused with carrying concealed a deadly weapon, namely, a revolver, while the proof showed that he carried concealed an unloaded revolver, which was not, in that condition, a deadly weapon. *Chapter* 548, *Volume* 16, *Laws of Delaware, Rev. Code, p.* 987, § 1, as amended by 25 *Del. Laws, c.* 252.

PENNEWILL, C. J., delivering the opinion of the court:

The defendant asks that the jury be instructed to return a verdict of not guilty, because it appears from the evidence of the state that the revolver found upon the prisoner's person was unloaded. The statute upon which the indictment is based is in the following language:

"Section 1. That if any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife, or shall knowingly sell a deadly weapon to a minor other than an ordinary pocket knife, such person shall, upon conviction thereof, be fined not less than twenty-five nor more than two hundred dollars or imprisoned in the county jail for not less than ten days nor more than six months, or both at the discretion of the court: Provided, that the provisions of this section shall not apply to the carrying of the usual weapons by policemen and peace officers."

The manifest policy and intent of this law is to prevent carrying concealed a revolver or other weapon which may be used for a deadly purpose. We think it quite immaterial whether the revolver be loaded or not, because such an instrument is commonly regarded as a deadly weapon without regard to its condition. If the absence of bullets would make the weapon a harmless one, then any condition that would prevent its being used at the time injuriously, would have a like effect. For example, the main spring might be out of order, and according to the defendant's contention this would make the instrument not deadly within the meaning of the statute.

If we should sustain the contention of the defendant we fear that many persons would carry a pistol unloaded but at the same time have bullets secreted upon their person to be used if desired.

As we have said the law was intended to discourage and prevent so far as possible, the carrying of weapons that are commonly and rightfully regarded as deadly. We think that a revolver, even though unloaded or in such a defective condition that it could not be fired, cannot be lawfully carried in this state concealed upon the person. The motion of the defendant is refused.

The accused thereupon pleaded guilty and was sentenced.