STATE OF WEST VIRGINIA *v.* GLEN TENNEY

(No. 8342)

Submitted April 7, 1936. Decided April 21, 1936.

*Lycurgus Hyre,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

WOODS, JUDGE:

The defendant, Glen Tenney, prosecutes this writ of error to a conviction predicated on an indictment charging that he did "unlawfully and feloniously own, operate and maintain a certain plant for the manufacture of distilled spirits, contrary to Chapter 4, [Article VI] Section 10, Acts of the Legislature of the State of West Virginia, 1935, said Act known as the Liquor Control Act."

The errors relied upon for reversal are the insufficiency of the indictment, on demurrer; and the refusal of the trial court to set aside the verdict as contrary to the law and evidence.

The indictment is attacked (1) as indefinite; and (2) as not negativing lawful ownership, operation or maintenance, as provided elsewhere in the Act.

As indicated on its face, the indictment was drawn under Section 10, Article VI, Chapter 4, Acts 1935 (Liquor Control Act), which provides:

"A person who unlawfully owns, operates, or maintains a plant for the manufacture of distilled spirits, or aids or abets in the operation or maintenance of such a plant shall be guilty of a felony, and upon conviction shall be fined not less than one hundred nor more than one thousand dollars or confined in the penitentiary not less than one nor more than five years."

The statute is clear and specific in its definition. Unlawful ownership, etc., of a plant for the manufacture of distilled spirits, as therein defined, constitutes the gravamen of the offense. And while either the letter or the substance of the statute defining the offense must be followed, it is generally recognized as the better practice to follow the former. *State* v. *Riffe,* 10 W. Va. 794. Our Court has repeatedly held that an indictment substantially following the language of the statute is ordinarily sufficient. *State* v. *Nazel,* 109 W. Va. 617, 156 S. E. 45; *State* v. *Foster,* 21 W. Va. 767; *State* v. *Schnelle,* 24 W. Va. 767; *State* v. *Boggess,* 36 W. Va. 713, 15 S. E. 423; *State* v. *Pennington,* 41 W. Va. 599, 23 S. E. 918; *State* v. *Williams,* 108 W. Va. 525, 151 S. E. 852; *State* v. *Johnson,* 62 W. Va. 154, 57 S. E. 371, 58 S. E. 1025, 11 L. R. A. (N. S.) 872.

Where the exception or proviso does not appear in the enacting clause creating the offense the general rule is that the indictment need not negative such exception or proviso. *State* v. *Tapit,* 52 W. Va. 473, 44 S. E. 231; *State* v. *Richards,* 32 W. Va. 348, 356, 9 S. E. 245, 3 L. R. A. 705; *State* v. *Sutter,* 71 W. Va. 371, 76 S. E. 811, 43 L. R. A. (N. S.) 399; *Commonwealth* v. *Hill,* 5 Grat. (46 Va.) 682. As stated in *State* v. *Tapit, supra,* "The true rule is that only those exceptions need be negatived in an indictment under a statute which are a part of the description of the offense. Where the description of the offense is in general terms, and the exceptions are such as permit certain persons under certain circumstances to do the thing forbidden, such exceptions need not be set out negatively, but the defendant on trial may excuse himself from the charge by showing himself within the pro-

visions of one or more of the exceptions." The exceptions in the present statute being matters of the defense under the foregoing rule, were not required to be alleged in the indictment. Code 1931, 62-2-9.

On the sufficiency of the evidence, it appears that the sheriff of Upshur County and the chief of police of Buckhannon, in the execution of a search warrant, found a boiler, lid, coil, and cooling tub or bucket, which, they testified, made a complete still, or plant for the manufacture of distilled spirits; that the odor of moonshine liquor was present in the boiler and the coil; that both mash and moonshine, together with numerous pint bottles, jars and buckets, were found in an adjoining building; and that the defendant admitted ownership of the several parts of the apparatus as well as the mash, moonshine, etc. The defense did not put in any evidence. Upon the foregoing, there was sufficient evidence to go to the jury on the issue of unlawful ownership. And, they having found the defendant guilty, the motion to set the verdict aside was properly overruled.

State's instruction No. 1 was attacked on the ground that it ignored the issue of whether the defendant might not lawfully have owned the still. Since the defense failed to introduce evidence on such phase of the case, he cannot now complain of the instruction on that score.

The judgment of the circuit court is therefore affirmed.

*Affirmed.*