BROOKS *v*. STATE.

(Knoxville, September Term, 1948.)

Opinion filed December 11, 1948.

362

CHARLES C. BURKS, of Knoxville, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney-General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Defendant appeals from conviction of carrying a pistol "with the intent to go armed," Code section 11007, and punishment of fine of $50 and 60 days in the workhouse.

The State proved that the defendant carried two unloaded pistols, one an automatic and the other a revolver, from the living room of his home, out the front door, across the yard, and to the adjoining and contiguous store where defendant was employed; that while defendant was in front of his home, he pointed the two unloaded pistols at the two law officers, and snapped them several times. These officers knew the pistols were unloaded at the time because one of the officers had unloaded them in the presence of the other, and the defendant testified that he knew the pistols were unloaded because when he picked

the pistols up in the living room, the ammunition clip had been removed from the automatic and the empty cylinder was out of the revolver. The defendant denied pointing the pistols at the officers and stated that he was carrying them to the store openly in his hand, for the purpose of getting ammunition to reload them. That defendant did point the pistols at the officers is established by the verdict of the jury.

There are no formal assignments of error, Rule 17, 173 Tenn. 879, and the only question presented on the appeal is whether under the facts of this case, the carrying of an unloaded pistol, knowing it to be unloaded, where there is no evidence of the use of the pistol as a club or otherwise than in a normal way, is a carrying within the prohibition of the statute, Code, section 11007 as follows:

"Any person who shall carry *in any manner whatever, with the intent to go armed* . . . any pistol or revolver, etc." (Italics ours.)

█ Now, since the jury and the Trial Judge have resolved the conflicting evidence and determined that the State's witnesses are to be believed (*Christian* v. *State*, 184 Tenn. 163, 197 S. W. (2d) 797; *Ferguson* v. *State*, 138 Tenn. 106, 196 S. W. 140), we must here accept as true the evidence that the defendant, while in front of his house, with the officers in a car on the road about 25 feet away, pointed the pistols at the officers and snapped each of them several times. This part of the testimony was by demonstration, as the transcript shows:

"The witness then held the revolver in one hand and the automatic pistol in the other with his fore arms extended in front of him and the pistols pointed outward from his body at about the level of his shoulders and pulled the triggers of each pistol several times, the re-

volver snapping, with the barrels of both weapons wavering some from the trigger pressure and then being realigned upon a line of sight at some imaginary object in front of the witness.''

▋ ▋ The fact that the carrying was in the yard of defendant's home is no defense (*Heaton* v. *State*, 130 *Tenn.* 163, 170, 169 S. W. 750) nor that the pistols were carried openly and not concealed. *Grandstaff* v. *State*, 172 Tenn. 77, 79, 110 S. W. (2d) 309.

''A peculiarity of the law concerning deadly weapons is that while it may be held that an assault committed with an unloaded revolver is not an assault with a deadly weapon, yet under a statute against carrying concealed deadly weapons an unloaded revolver is usually held to be such a weapon.'' 8 R. C. L., sec. 310, p. 289; *Hudson* v. *State*, 59 Tex. Cr. 650, 129 S. W. 1125, Ann Cas. 1912A, 1328.

''So also it has been held that whether a pistol carried is loaded or unloaded is immaterial, and does not affect the criminal liability of the person carrying it.'' 8 R. C. L., Criminal Law, sec. 311, p. 290; Ann. Cas. 1913E, 513.

''Under various statutes forbidding wearing or carrying, whether concealed or openly, dangerous offensive or defensive weapons, in public places or elsewhere, the following points have been adjudicated:

. . . . .

. '' (4) The weapons must be carried as arms capable of being offensively used. *Whether loaded or not at the time of arrest is immaterial.*'' Wharton's Criminal Law, Vol. 2, sec. 1882, pp. 2213, and 2216: *Sears* v. *State*, 1859, 33 Ala. 347; *Atwood* v. *State*, 1875, 53 Ala. 508.

▋ Since under the foregoing authorities the fact

that the pistols were unloaded is immaterial, the only question is whether the act of defendant in pointing and snapping the unloaded pistols at the officers, evidenced "an intent to go armed." Since the defendant denied that he pointed or snapped the pistols he makes no explanation of his intention. After crediting the State's evidence that the pistols were pointed and snapped at the officers, the jury was warranted in finding that the intent of the pointing and snapping was the normal and reasonable intent, which was to shoot the pistols. So being, warranted in finding that the defendant carried the pistols with an intent to aim and shoot them, the jury was warranted in its further conclusion that defendant carried the pistols with an intent to go armed.

We conclude that the judgment must be affirmed, but we feel that the punishment imposed is too severe. Doubtless, evidence received of the defendant's mistreatment of his wife and defiance of the officers influenced the result, though, strictly considered, such evidence was irrelevant to the question of defendant's guilt on the pistol charge.

The judgment will be modified to remit the workhouse sentence and affirmed as to the fine.

All concur.