**STATE of Missouri, Respondent,**

v.

**Eddie DORSEY, Appellant.**

**No. 56532.**

Supreme Court of Missouri,
Division No. 1.

March 12, 1973.

John C. Danforth, Atty. Gen., Allan D. Seidel, Asst. Atty. Gen., Jefferson City, for respondent.

Bell, Fullwood, Wilson & Harris, St. Louis, for appellant.

HOLMAN, Presiding Judge.

Defendant, Eddie Dorsey, was charged with the offense of carrying a concealed weapon. See § 564.610, RSMo 1967 Supp., V.A.M.S. A jury trial resulted in a verdict of guilty. The jury being unable to agree on the punishment such was fixed by the court at three years' imprisonment. Defendant has duly appealed from the judgment. We affirm.

The defendant was arrested by two police officers on Delmar Avenue in St. Louis at about 11:30 a. m., on June 30, 1970. Upon being searched a "Browning" automatic pistol in a holster was found tucked in the waistband of his trousers. Defendant was wearing a jacket, and his shirt was "hanging out" so that the gun was completely concealed. The gun was in operable condition but was not loaded and no bullets were found in defendant's possession. Defendant told the officers that he had just bought the gun a few minutes before his arrest.

Defendant testified, and conceded that he was carrying the gun concealed under his shirt at the time of his arrest. He stated that he had obtained it from one Robert Plant and was taking it to the home of Mrs. Tate, his fiance, a short distance away.

Mrs. Tate was called as a witness and defendant offered to prove by her that there had been an attempt to burglarize her home on June 29, and that she had asked defendant to bring her a pistol to keep in her home; that he was merely carrying it as an item of merchandise. An objection to that offer was sustained.

Defendant's first point is that "the court erred in failing to direct a judgment of acquittal and in failing to give defendant's offered instructions for the reason that there was no proof of felonious intent." To state defendant's position more clearly, it was his trial theory (and his contentions here) that he was not guilty because (1) he was carrying the pistol merely as a messenger and hence there was no criminal intent, and (2) since the gun was not loaded it was not a "weapon" within the meaning of the statute. The two refused instructions offered by defendant were obviously intended to submit those two theories of defense.

Section 564.610, supra, proscribes nine separate offenses relating to acts involving dangerous and deadly weapons. The specific portion here involved reads: "If any person shall carry concealed upon or about his person a dangerous or deadly weapon of any kind or description * * * he shall, upon conviction, be punished by imprisonment by the department of corrections for not more than five years, or by imprisonment in the county jail not less than fifty days nor more than one year, but nothing contained in this section shall apply to legally qualified sheriffs, police officers and other persons whose bona fide duty is to execute process, civil or criminal, make arrests, or aid in conserving the public peace, nor to persons traveling in a continuous journey peaceably through this state." The statute also provides that "firearms" are deadly weapons. That, of course, is in accord with the established case law of this state.

There is no contention that defendant came within any of the exceptions detailed in the statute. Since it was proved (and,

in fact, admitted) that the pistol was concealed on defendant's person the State undoubtedly made a submissible case and the court did not err in overruling the motion for a judgment of acquittal.

We have also concluded that the court did not err in refusing to give instructions submitting the two theories of defense heretofore stated. Defendant has cited two early court of appeals decisions which tend to support his contentions. In one, State v. Larkin, 24 Mo.App. 410 (1887), the defendant testified that the concealed unloaded pistol had just been purchased and was being taken home so that he could take it on a trip he intended to make the following week. The court held that the trial court erred in refusing to submit that defense. In State v. Roberts, 39 Mo.App. 47 (1890), the defendant testified that he carried the pistol only as a messenger in order to return it to the owner and not as a weapon. The court, on the authority of Larkin, held that said defense should have been submitted. It is our view that those two cases are not sound, are not in accord with various later cases, and that they should no longer be followed.

In the case of State v. Hovis, 135 Mo. App. 544, 116 S.W. 6 (1909), the court stated that "This statute against carrying deadly weapons concealed on or about the person was enacted to check and prevent, if possible, a practice which had led to innumerable woundings and killings. The evil aimed at and attempted to be corrected by the Legislature of this state is a serious one, and the courts owe it to the public to see that the object of the statute is not frittered away by a narrow construction. The intent at which the Legislature aimed the statute was the intent to do the act prohibited by the statute, namely, to carry a deadly weapon concealed upon or about the person (5 Am. & Eng.Ency. Law [2 Ed.] p. 734, par. 5), and we are not disposed to fritter this away by searching after the intent with which the party carried the weapon. In this case there is no question whatever but that the intent to carry

this deadly weapon concealed was present, and whatever other intent the defendant had in carrying it was immaterial, provided that intent did not come with[in] the exceptions of section 1863 * * *." 116 S.W. l.c. 7. To like effect is the following statement in State v. Whitman, 248 S.W. 937, 939 (Mo.1923): "Defendant admitted, during the trial, that he was not a legally qualified sheriff, police officer, or other person whose bona fide duty was to execute process, civil or criminal, make arrests, or aid in conserving the public peace, and was not then and there traveling in a continuous journey through this state of Missouri. The sole fact in issue, then, was the concealment about his person of the automatic pistol. Under these circumstances the motive or purpose for which he carried it, either for pleasure, protection, or any other reason, good or otherwise, is not germane." Similar holdings appear in State v. Julian, 25 Mo.App. 133 (1887); State v. Morris, 263 Mo. 339, 172 S.W. 603 (1915); State v. Carter, 259 Mo. 349, 168 S.W. 679[4] (1914), and State v. Holbert, 416 S.W.2d 129[7] (Mo.1967).

This court has never ruled on the question as to whether it is a defense to a charge of carrying a concealed weapon to show that the weapon was not loaded. However, in State v. Baumann, 311 Mo. 443, 278 S.W. 974 (1925), it is stated that "a firearm carried concealed upon or about the person is a dangerous or deadly weapon under that part of section 3275 under which defendant was convicted, and it was not necessary for the state to show that such firearm was loaded." 278 S.W. l.c. 976. The case of State v. Riles, 274 Mo. 618, 204 S.W. 1 (1918), involved a conviction under the same statute for possession of a deadly weapon while intoxicated. In that case this court said: "To hold that it is incumbent upon the state to prove affirmatively that a pistol which is carried concealed, or carried when the accused is intoxicated, or which is exhibited in a rude, angry, and threatening manner, is loaded, as a condition precedent to a conviction, would be practically to render the statute unenforceable. This is not only the view which this court has already taken (State v. Morris, 263 Mo. [339] loc. cit. 351, 172 S.W. 603), but it is the view held in all other jurisdictions wherein the language of the statute denouncing this offense is similar to ours (Fielding v. State, 135 Ala. 56, 33 So. 677; Redus v. State, 82 Ala. 53, 2 So. 713; State v. Tapit, 52 W. Va. 473, 44 S.E. 231; State v. Bollis, 73 Miss. 57, 19 So. 99; State v. Wardlaw, 43 Ark. 73; Commonwealth v. Murphy, 166 Mass. 171, 44 N.E. 138, 32 L.R.A. 606; Williams v. State, 61 Ga. 417, 34 Am.Rep. 102; State v. Duzan, 6 Blackf. [Ind.] 31). We need not and do not rule whether the defendant should ever be heard in his defense to say that the pistol carried by him was neither a dangerous nor a deadly weapon, because it was not loaded and therefore could not be fired, because that question is not here involved. We content ourselves in holding that it is not necessary for the state to show that the pistol or firearm carried concealed, or carried while the accused is intoxicated, or exhibited by him in a rude, angry, and threatening manner, is loaded, in order to make out a prima facie case." 204 S.W. l.c. 2.

Defendant recognizes that the State is not required to prove that the gun was loaded but contends, in effect, that proof that it was not loaded is a valid affirmative defense. In our research we find that "under statutes prohibiting the carrying of pistols concealed, carrying pistols as weapons, exhibiting pistols, carrying pistols with intent to go armed, etc., the majority of courts recognize that it makes no difference, in relation to the offense charged, that the pistol was unloaded." Anno. 79 A.L.R.2d 1430. See also the following cases from other states which follow the majority rule: State v. Quail, 5 Boyce 310, 92 A. 859 (Del.1914); Caldwell v. State, 106 S.W. 343 (Tex.Cr.App.1907); Brooks v. State, 187 Tenn. 361, 215 S.W.2d 785 (1948); Cittadino v. State, 199 Miss. 235, 24 So.2d 93 (1945); People v. Halley, 131 Ill.App.2d 1070, 268 N.E.2d 449

(1971); and Reed v. State, 199 So.2d 803 [6] (Miss.1967).

■ We agree with the majority rule. The statute contains no requirement that the gun be loaded and a pistol is universally classified as a dangerous and deadly weapon even though not loaded. We accordingly rule that it is no defense to a charge of carrying a concealed weapon to show that it was not loaded.

■ Instruction No. 2 was the main verdict directing instruction. Defendant contends that the court erred in giving that instruction because it contained the statement that "it is not necessary that the state prove that the pistol was loaded." Such is said to have been a comment on the evidence. We do not agree. The sentence in question is clearly in accord with the law of this state. It was within the discretion of the trial court to include that cautionary statement in order to clarify the essential elements required for a verdict of guilty.

■ The final contention of defendant is that the forms of verdict were improper because they did not contain the word "feloniously." The form of verdict actually used and returned by the jury was: "We, the jury in the above entitled cause, find the defendant guilty of carrying concealed weapon as charged but are unable to agree upon punishment." As indicated, defendant contends that the word "feloniously" should have appeared before the word "carrying." The amended information charged that defendant "did unlawfully and feloniously carry concealed upon his person a certain deadly and dangerous weapon, to wit: 9 M.M. Caliber 'Browning' Automatic Pistol * * *." Instruction No. 2 required a finding that "the defendant, Eddie Dorsey, did intentionally and feloniously carry concealed on his person * * *." We rule this contention against defendant. It is certainly not necessary that the verdict contain the essential elements of the offense. Rule 27.01(c) provides that "the jury shall specify in

their verdict the offense of which the defendant is found guilty." The verdict in this case clearly complies with that rule. Moreover, as indicated, as a requirement for finding guilt the jury had been required by the instruction to find that defendant "did intentionally and feloniously carry * * *." We rule that the forms of verdict were not erroneous.

The judgment is affirmed.

BARDGETT, J., concurs in separate concurring opinion filed.

SEILER, J., concurs, and concurs in separate concurring opinion of BARDGETT, J.

BARDGETT, Judge (concurring).

I concur in the opinion of Holman, P. J. However, I desire to state that, in my opinion, the testimony relating to the reason why the appellant had the gun was properly admitted because this evidence could be considered as a mitigating factor in connection with fixing the punishment.