STATE of Missouri, Plaintiff-Respondent,

v.

Clarence BATY, Defendant-Appellant.

No. 9593.

Missouri Court of Appeals, Springfield District.

June 11, 1974.

John C. Danforth, Atty. Gen., Donald R. Bird, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Robert L. Bruer, Springfield, for defendant-appellant.

TITUS, Judge.

Defendant was charged with carrying "concealed about his person, a certain deadly and dangerous weapon, to-wit: .22 Caliber Armsco pistol bearing ID#74088", in violation of § 564.610, RSMo 1969, V.A.M.S.[1] Inter alia, the jury was charged: "If you find and believe from the evidence beyond a reasonable doubt: First, that . . . defendant . . . carried upon his person [the described pistol], and Second, that the defendant intentionally carried the . . . pistol so that it was not discernible by ordinary observation, then you will find the defendant guilty of carrying a concealed weapon." After the jury found defendant guilty, he appealed.

It is undisputed that defendant carried the pistol concealed on his person and that no evidence was introduced demonstrating the gun was operable when defendant was carrying it. In the trial court (as well as here) defendant asseverated the State had to produce evidence sufficient to warrant the jury in finding that the pistol was a functional firearm before the jury should have been permitted to conclude that the gun was, in fact, a dangerous or deadly weapon. If this be so, defendant opines, the trial court additionally erred in giving the verdict directing instruction, supra, which permitted a finding of guilty without also requiring a finding that the pistol was a dangerous or deadly one.[2]

Because pistols are so lethal, a court, as a matter of law, may declare them to be obviously and imminently dangerous to life. State v. Travis, 45 Haw. 435, 368 P.2d 883, 885 [1] (1962). A pistol is "at least prima facie a dangerous weapon" [State v. Rector, 328 Mo. 669, 676, 40 S.W.2d 639, 642 [2] (1931)] and has been classified as a dangerous and deadly weapon even when unloaded. State v. Dorsey, 491 S.W.2d 301, 304 [1] (Mo. 1973). Moreover, a pistol has been ruled to be a deadly weapon per se. Bell v. State, 501 S.W.2d 137, 138 [3] (Tex.Cr. App.1973); Walker v. State, 440 S.W.2d 653, 657 [4] (Tex.Cr.App.1969); State v. Rodgers, 7 Ariz.App. 29, 435 P.2d 864, 869 [11] (1967); State v. Powell, 238 N.C. 527, 78 S.E.2d 248, 251 [6] (1953); Skidmore v. Commonwealth, 311 Ky. 176, 223 S.W.2d 739, 740 [1] (1949); Cittadino v. State, 199 Miss. 235, 24 So.2d 93, 95 [4] (1945); State v. Litman, 106 Conn. 345, 138 A. 132, 134 [7] (1927). Therefore, when the State proved that defendant was carrying a pistol concealed upon or about his person, it made out a case. If the weapon was in such a defective condition that it could not be fired, that fact was a defense to be first fathered and fostered by the defendant.[3] State v. Cartwright, 246 Or. 120, 418 P.2d 822, 830–831 [11]

---

1. The germane part of § 564.610 reads: "If any person shall carry concealed upon or about his person a dangerous or deadly weapon of any kind or description . . . he shall, upon conviction, be punished by imprisonment . . . . ."

2. Defendant's principal citation is State v. Casto, 119 Mo.App. 265, 95 S.W. 961 (1906), where the defense advanced was that the revolver was broken and defendant was searching for a gunsmith to have the concealed weapon repaired and was not carrying it as a firearm. In holding that this was a good defense, if true, the Casto court predicated its ruling on State v. Larkin, 24 Mo.App. 410

(1887), and State v. Roberts, 39 Mo.App. 47 (1890), both of which were addressed only to the intent with which a weapon is carried at the time of the offense. Unfortunately for defendant's reliance, Larkin and Roberts were expressly overruled in State v. Dorsey, 491 S.W.2d 301, 302 (Mo.1973).

3. For the purpose of this opinion we assume but do not decide that such would be a good defense or that evidence thereof "could be considered as a mitigating factor in connection with fixing the punishment." Concurring opinion, State v. Dorsey, supra, 491 S.W.2d at 304.

(banc 1966); Mosely v. Commonwealth, 374 S.W.2d 492, 493 [1] (Ky.1964); Couch v. Commonwealth, 255 S.W.2d 478, 479 [1] (Ky.1953). In the circumstances of this case, there was no necessity for the court to define the term "dangerous and deadly weapon" [State v. Boyd, 492 S.W.2d 787, 792 (Mo.1973)] or to require the jury, via instruction, to find that the firearm was a dangerous or deadly one. Para. 2, Notes on Use, MAI–CR 13.10.

The judgment is affirmed.

HOGAN, C. J., and STONE and BILL-INGS, JJ., concur.