**STATE of Missouri, Respondent,**

v.

**Charles KENNEDY, Appellant.**

No. 45833.

Missouri Court of Appeals,
Eastern District, Division Three.

March 8, 1983.

Henry Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted of assault in the first degree. He was sentenced to ten years imprisonment as a prior offender. We affirm.

Defendant shot victim with a shotgun, striking him in the back, buttocks, thighs, left calf and left arm with shotgun pellets. Defendant claims reversible, instructional error.

Under § 565.050, RSMo. 1978, assaults committed "by means of a deadly weapon or dangerous instrument" constitute a Class A Felony, while all other assaults under this section are a Class B Felony. The verdict-directing instruction on first degree assault in the case at bar is as follows:

"If you find and believe from the evidence beyond a reasonable doubt:

That on February 24, 1981, in the City of St. Louis, State of Missouri, the defendant attempted to kill or cause serious physical injury to Eric Brown by shooting him with a shotgun,

then you will find the defendant guilty of assault in the first degree. If so, use Verdict B.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense. If so, use Verdict D.

*But if you further find and believe from the evidence beyond a reasonable doubt that the defendant committed such assault by means of a deadly weapon, then you will find the defendant guilty of assault in the first degree by means of deadly weapon. If so, use Verdict A"* (emphasis supplied).

Verdict A, which the jury foreman signed to signify the jury's verdict, read as follows:

"We, the jury, find the defendant Charles Kennedy guilty of assault in the first degree *by means of a deadly weapon* as submitted in Instruction No. 5" (emphasis supplied).

According to MAI–CR2d 19.02, Notes on Use at note 8, the verdict form should have read:

"[W]e, the jury, find the defendant guilty of assault in the first degree, as submitted in Instruction No. [5], *and further find beyond a reasonable doubt that he committed the assault by means of a [deadly weapon]"* (emphasis supplied). This variance in the language of the verdict form is the basis for defendant's assignment of error.

Any deviation from the MAI–CR2d forms, however slight, "shall constitute error, its prejudicial effect to be judicially determined." Rule 28.02(e).

In the present case, the jury was explicitly advised that "[t]he law applicable to this case is stated in these instructions," and the instructions *did* correctly advise them of the law. Although incorrectly written, the verdict form did require the assault was made by means of a deadly weapon. The fact that a shotgun was used made it difficult to find otherwise. We fail to find any prejudice in the use of the verdict form. *State v. Dorsey,* 491 S.W.2d 301, 304 (Mo.1973).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.