JOSEPH PAPELLA, d. b. a., vs. THE STATE OF DELAWARE, p. b. r.

WEAPONS—"DEADLY WEAPONS"—OFFENSES.

Under *Rev. Code* 1852, amended to 1893, *p.* 987, as amended by 25 *Del. Laws*, *c.* 252, declaring that if any person shall carry concealed a deadly weapon upon his person he shall be guilty of an offense, one carrying an automatic revolver concealed on his person is guilty of the offense, though the revolver, which contained cartridges, was so defective that it could not be shot.

(*November* 7, 1915.)

Judges BOYCE and RICE sitting.

*William G. Jones, Jr.*, for accused below appellant.

*Armon D. Chaytor, Jr.*, Deputy Attorney General, for the state.

Court of General Sessions, New Castle County, November Term, 1915.

APPEAL to the Court of General Sessions, and information filed, No. 111, September Term, 1915.

Appeal by Joseph Papella from the judgment of the Municipal Court of the City of Wilmington, adjudging him guilty, on information filed in said court, charging him with carrying concealed a deadly weapon.

To the information filed by the Attorney General, the accused pleaded not guilty, and was tried before a jury. Verdict, guilty.

At the trial the accused introduced testimony to prove that the automatic revolver which he at the time of his arrest admitted he was carrying in his pocket, containing seven cartridges, was defective and could not be discharged.

At the close of the testimony, counsel for defendant, prayed the court to charge the jury that, if they believed the weapon was defective and could not have been discharged, they find a verdict of not guilty.

The Deputy Attorney General contended, first, that the evidence in the case was not sufficient to establish the fact that the revolver was defective; and, second, that even if it was so established, this court has recently held that an unloaded revolver is a deadly weapon within the meaning of the act; and used language which showed an intention to apply the same rule to a defective weapon—citing *State v. Quail*, 5 *Boyce* 310, 92 *Atl.* 859.

BOYCE, J., charging the jury:

Joseph Papella is indicted under *Section one* of the act found in the *Revised Code* (1893) 987, as amended by *Volume* 25, *Laws of Delaware*, c. 252.

*Section one* of the act reads:

"That if any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife, * * * such person shall," etc.

Verdict.

We understand it is admitted that the automatic revolver in evidence was, at the time it was taken from the pocket of the accused, being carried concealed by him, and that it contained seven cartridges.

Counsel for the accused has requested the court to charge you that if you should believe from the evidence that the revolver was defective and could not be fired at the time it was taken from him, your verdict should be not guilty.

We cannot so instruct you.

In the case of *State v. Quail*, 5 *Boyce* 310, 92 *Atl.* 859, tried last year in Kent County, the defense being that the revolver was unloaded, this court said, among other things:

"We think that a revolver, even though * * * in such a defective condition that it could not be fired, cannot be lawfully carried in this state concealed upon the person."

We adhere to this decision.

In view of the admissions, we think it unnecessary to say more. It now remains for you to determine from the evidence considered in connection with the law as we have announced, whether the accused is guilty or not.

Verdict, guilty with recommendation to extreme mercy.