LOGAN *v.* STATE.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

W. W. ROBINSON, of Chattanooga, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney General, for the State.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Plaintiff in error, hereinafter referred to as defendant, was indicted for a violation of the insurance laws by acting as agent and transacting business for the Union Mutual Life Insurance Association, a corporation, without obtaining a certificate of authority from the Department of Insurance and Banking of the State of Tennessee. On the trial of the case, defendant was found guilty, and his punishment fixed at a fine of $75. From a judgment in accordance with the verdict defendant has appealed to this court.

The defense made was that the Union Mutual Life Insurance Association was exempt from the supervision of the Department of Insurance and Banking because it is a benevolent society which does not provide for a death benefit of more than $100, or for disability benefits of more than $150, to any one person in any one year, and because it was the intention of defendant to limit the issuance of certificates of insurance to members of labor unions.

Section 6421 of the Code, on which defendant relies, is as follows (omitting those parts not material to this case):

"Nothing contained in this article shall be construed to affect or apply to, . . . nor to domestic societies which limit their membership to the employees of a particular city or town, designated firm business house, or corporation, nor to domestic lodges, orders, or associations of a purely religious, charitable, and benevolent description, which do not provide for a death benefit of more than one hundred dollars, or for disability benefits of more than one hundred and fifty dollars to any one person in any one year."

Defendant secured a charter of incorporation under the laws of the State of Tennessee for the Union Mutual Life Insurance Association. The purposes set forth in the charter of the association were as follows:

"The object of this society. Unite both sexes in a fraternal beneficiary society for the sole benefit of its members and their beneficiaries and not for profit.

"The promotion of benevolence, charity, social culture, mental improvement, moral education, care for sick and needy members and to establish and (or) maintain homes and hospitals for the benefit of members and to provide for the payment of death benefits in such amounts as may be authorized by the National Council or National Executive Committee, and may provide for benefits in case of temporary or permanent disability, either as a result of disease, accident or old age and payments of funeral benefits; or and as amended by the National Executive Committee from time to time as designated. The territory in which this society may be established shall be all parts of the United States and the Dominion of Canada, as National Executive Committee shall designate and constitution and laws of society and State may permit."

After securing this charter of incorporation the defendant, as president of the association, began to issue certificates of insurance providing for a death benefit of $100, payable to a named beneficiary, and disability benefits to the amount of $10 per week for loss of time caused by accident or sickness, not to exceed thirteen weeks in one year. Premiums in a fixed amount were charged, payable on a monthly basis. Certificates provided on their face that the insurance was in force only "during

such time as the premium is paid in advance as evidenced by the Association's receipt therefor.'' No assessment of members was provided for. The right to collect the amount specified in the certificate was expressly limited to the claimant's proportionate part of the "claim fund," which was to be created by setting aside not less than 65 per cent of the monthly ''contributions.'' Payment to the claimant of his proportionate part of the claim ·fund fully discharged, so it was provided, all obligations of the association) under the certificate. Thus the claimant might get all, part, or nothing, of his claim.

We think, undoubtedly, that the association, through defendant, was doing an insurance business. For a stated premium, the association was promising, conditionally, the payment of $100 to the named beneficiary, on the death of the insured. Likewise, a payment of $10 per week for thirteen weeks in any one year, if the insured became disabled by sickness or accident.

The defendant asserts that it was his intention to limit the business of the association to members of labor unions. The two certificates exhibited with the record were not issued to members of labor unions. Furthermore, nothing in the charter of the association provides for such limitation. So far as the record discloses, the alleged intention of defendant to limit certificate holders to members of labor unions rested on nothing more substantial than his own whim, and was, of course, subject to change at any time. No law of the association, so far as the record discloses, placed any limitation whatsoever on the issuance of certificates of insurance to any class of people.

The whole contention of defendant, as we see it, is that

because the certificates of insurance did not exceed in benefit the sum of $100, and because he intended to place them with members of labor unions, that the association is exempt, under Code, section 6421, from supervision by the Department of Insurance and Banking of the State of Tennessee.

We see no merit in this contention. It is our opinion that the association was doing an industrial insurance business and was subject to the applicable insurance laws of the State. This case differs radically in its facts from *State ex rel.* v. *Gooch,* 165 Tenn., 97, 52 S. W. (2d), 143, 55 S. W. (2d), 262. In that case, it appears, people in the section around Selmar, McNairy county, associated themselves together under a promise that the association should provide, through assessments against each member, the sum of not more than $100 as a death benefit to each member. It was held that the association, a voluntary one, was clearly within the exemption of the statute.

The judgment of the trial court must be affirmed.