McKnight *v.* State.

(*Jackson*, April Term, 1937.)

Opinion filed June 17, 1937.

C. L. Cummings, of Murfreesboro, and Harold Howser, of Gallatin, for plaintiff in error.

W. F. Barry, Jr., Assistant Attorney-General, for the State.

Mr. Justice DeHaven delivered the opinion of the Court.

Plaintiff in error, Paul McKnight, hereinafter referred to as defendant, was indicted in two cases for unlawfully soliciting insurance on behalf of the National Accident Society of Springfield, Ill., "knowing said National Accident Society, at the time, was not organized or incorporated by the laws of the State of Tennessee and said National Accident Society not having received from the Commissioner of Insurance the certificate of authority to transact the business of insurance in the State of Tennessee." Upon his trial, defendant was convicted in both cases, and his punishment fixed at a fine of $150 and given a sentence of thirty days in the workhouse in each case. Defendant has appealed to this court and assigned errors.

The evidence in the cases establishes the fact, without contradiction, that defendant solicited insurance on behalf of said society at a time when it had not received from the commissioner of insurance a certificate of authority to transact business in Tennessee.

Section 6135 of the Code, in part, is as follows:

"**No insurance solicited for companies not authorized; insurance brokers are excepted.**—Any person who solicits insurance on behalf of any insurance company, not organized under or incorporated by the laws of this state, until such company has fully complied with all the requirements of this article, and until such company has received from the said commissioner the certificate of authority to transact the business of insurance in this state, . . . shall be guilty of a misdemeanor; and be fined not less than one hundred dollars nor more than

two hundred dollars, or be imprisoned in the county jail not more than thirty days, or both, in the discretion of the court.''

■ Defendant makes the defense that there is no evidence to show that he knew the society had not obtained a certificate from the insurance commissioner authorizing it to do business within the state. The defendant did not testify in the cases. The statute in question is a general law, and defendant is charged with knowledge of the same. The legislature has, by the enactment of the statute, prohibited the soliciting of insurance on behalf of an insurance company not authorized to do business in this State. The Legislature may forbid the doing of an act and make its commission criminal without regard to the intent of the doer. Whether or not in a given case a statute is so construed is to be determined by the court, by considering the subject-matter of the prohibition as well as the language of the statute. *Pappas* v. *State,* 135 Tenn., 499, 188 S. W., 52. When the statute here in question is so considered, it is apparent that the Legislature intended to forbid the soliciting of insurance in behalf of a company not authorized to do business in this State, and made a violation of the statute a misdemeanor without regard to the intent of the solicitor. The purpose of the statute is to protect the people of the State from the hazard of taking out insurance in companies, not organized under or incorporated by the laws of Tennessee, until such companies have been properly authorized to do business in this State. It is the duty of a soliciting agent for an insurance company not incorporated under the laws of this State to ascertain for himself whether or not such company has complied with the statute in question. Otherwise, the stat-

ute would be practically nullified by a soliciting agent, when prosecuted under the statute, claiming immunity because of an asserted ignorance of the fact that the company represented by him had not complied with its terms.

█ It is next insisted that the National Accident Society is a fraternal benefit society and not an insurance company within the meaning of the statute in question. By reference to the policies exhibited in the record, it appears that a maximum weekly indemnity of $20 is provided for disability from sickness or accident, and in the event of accidental death a maximum benefit of $1,000, with double indemnity for travel accident. It appears that the insured is called a "member"; but membership is not restricted to any particular class of persons. The provision is: "In order to become a member of this Society, the applicant must be of good moral character and be in good health and not over seventy years of age and may apply for membership by signing the application and paying in advance the membership fee and registration fee." We think the society was an insurance company within the meaning of the statute, and that it did not fall within the exemption set forth in section 6421 of the Code. *Logan* v. *State*, 170 Tenn., 619, 98 S. W. (2d), 109.

█ Complaint is made by one of the assignments of error to the effect that the record fails to show that the defendant was arraigned, tried, and convicted upon the two indictments returned at the July term, 1933. The basis of this complaint is the irregular numbering of the indictments by the clerk. The record contains only the two indictments returned at the term above mentioned, showing J. D. Parker the prosecutor on one and J. D.

DeWeese on the other. It appears that the clerk gave these indictments different numbers at different terms of the court. The defendant went to trial on the two indictments without raising any objection as to the form and sufficiency of the indictments, or as to their numbering, and each of the named prosecutors testified. Further, defendant's motion for a new trial raised no question of the nature here presented.

Under the holding of this court in *Whim* v. *State*, 117 Tenn., 94, 94 S. W., 674; *Stevenson* v. *State*, 64 Tenn. (5 Baxt.), 681; *Rodes* v. *State*, 78 Tenn. (10 Lea), 414; and *Palmer* v. *State*, 121 Tenn., 465, 118 S. W., 1022, defendant waived any objection which he might have had to an erroneous numbering of the indictments by the clerk of the trial court. The testimony of the witnesses is strictly responsive to the allegations of the indictments, and in the absence of any objections from the defendant on the trial of the cases any alleged confusion in the numbering of the indictments has been cured by the verdict of the jury.

Upon a consideration of all the assignments of error, we are constrained to overrule the same. The judgments of the trial court will be modified so as to eliminate the sentence of imprisonment imposed, and as modified will be affirmed.