**STATE of Tennessee, Appellee,**

v.

**Curtis Leon LONG, Sharon Diane Riffey & William Crisley Riffey, Appellants.**

**No. 1003.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 2, 1985.

Permission to Appeal Denied by Supreme Court as to William Crisley Riffey July 8, 1985.

**338**

Randall E. Reagan, Knoxville, for Long.

Charles D. Mounger, Jr., Knoxville, for Sharon Riffey.

John E. Eldridge, Knoxville, for William Riffey.

W.J. Michael Cody, Atty. Gen. & Reporter, Jane W. Young, Asst. Atty. Gen., Nashville, Robert L. Jolley, Jr., Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

DWYER, Judge.

Appellants William Crisley Riffey, Curtis Leon Long, and Sharon Diane Riffey appeal as of right on pleas of guilty explicitly reserving the right to appeal a certified question of law, to wit, whether the initial stop, which resulted in the seizure of incriminating evidence, was legal. T.R.A.P. 3(b)(2). On February 27, 1984, each appellant pled guilty to thirteen (13) counts of armed robbery, T.C.A. § 39–2–501. Appellants William Riffey and Curtis Long also pled guilty to five (5) counts of aggravated assault, T.C.A. § 39–2–101(b), and two (2) counts of aggravated sexual battery, T.C.A. § 39–2–606(b).

The trial court imposed a sentence of twenty (20) years on each armed robbery conviction, four (4) years on each aggravated assault conviction, and ten (10) years on each aggravated sexual battery conviction. All appellants were deemed Range I offenders. As to appellant William Riffey, all sentences were ordered to run concurrently except for three (3) of the armed robbery convictions, making his sentence a total of eighty (80) years. As to appellant Long, all sentences were ordered to run concurrently except for two (2) of the armed robbery sentences, making his sentence a total of sixty (60) years. As to appellant Sharon Riffey, all sentences were ordered to run concurrently except for one (1) of the armed robbery sentences, making her sentence a total of forty (40) years. All appellants assert that their sentences are excessive.

On February 16, 1983, Officer Terry Lee Clowers of the Knoxville City Police Department received an armed robbery-in-progress report over this patrol-car radio. Officer Clowers had stopped on Sevier Avenue at the Intersection of Sevier Avenue and Davenport when he observed a yellow van come "screaming out along the railroad tracks onto ... Davenport, coming towards Sevier." The van was slinging gravel, its tires screeching, and it moved in a reckless manner. Officer Clowers stopped the van and noticed two men dive behind the seats. He drew his weapon and ordered the occupants out of the van. Appellant Riffey admitted having committed a robbery to the officer. The appellants were arrested and the van was searched.

Several incriminating items were seized, including weapons and clothing.

A report made by Officer Clowers shortly after the incident indicated that Officer Clowers heard over the radio another officer say to stop the van. Officer Clowers explained that the report was a summary of events. He reiterated that he stopped the van due to its speeding.

Officer Clowers denied that he told Mr. John Austin, appellant Sharon Riffey's attorney at the preliminary hearing, that he stopped the van because he saw men run and jump into the van. Mr. Austin testified that Officer Clowers told him that he (Officer Clowers) had heard the radio call, had seen some people running, and for these reasons he had stopped the van.

■■■ The trial court denied appellants' motions to suppress, finding that Officer Clowers had probable cause to stop the van. The evidence that the officer observed the van being driven recklessly and at a high rate of speed in an area near the robbery of which he was aware assuredly supports the trial court's finding of probable cause. We certainly cannot say that the evidence preponderates against that finding. The trial court's finding as to probable cause is to be given the weight of a jury verdict and is conclusive in this court unless the evidence preponderates against that judgment. *Key v. State*, 591 S.W.2d 793 (Tenn.Crim.App.1979) (probable cause to believe defendant had committed a felony). This issue is overruled.

Appellants, having offered proof at the sentencing hearing, contend that their respective sentences are excessive and that the trial court improperly weighed the mitigating and enhancement factors set out in T.C.A. §§ 40–35–110, 40–35–111, and the principles set out in T.C.A. § 40–35–103. *See* T.C.A. § 40–35–403(b)(2).

The trial court determined that each appellant should be sentenced as a standard offender within Range I. The Range I sentence ranges for the offenses are as follows:

| | Minimum Sentence | Maximum Sentence | Range I[1] |
|---|---|---|---|
| Armed Robbery T.C.A. § 39–2–501(a) | 10 | 60 (life)[2] | 10 – 30 |
| Aggravated Assault T.C.A. § 39–2–101(c) | 2 | 10 | 2 – 6 |
| Aggravated Sexual Battery T.C.A. § 39–2–606(b) | 5 | 35 | 5 – 20 |

■■■ The trial court imposed twenty (20) year sentences for the armed robbery offenses, four (4) years for the aggravated assault offenses, and ten (10) years for the aggravated sexual battery offenses. Citing *State v. Webb*, 625 S.W.2d 281 (Tenn. Crim.App.1980), a case decided before the Tennessee Criminal Sentencing Reform Act of 1982, T.C.A. § 40–35–101, *et seq.*, the State argues that because the sentences fall within the range of punishment authorized by the statutes, the sentences cannot be considered excessive. We rejected this contention in *State v. Mynatt*, 684 S.W.2d 103 (Tenn.Crim.App.1984). The sentencing act provides for judge sentencing and for this Court's review of such sentencing. *See* T.C.A. § 40–35–402. Accordingly, the fact that the sentences fall within the statutory range does not preclude our review

1. Range I is determined by the formula enunciated in T.C.A. § 40–35–109(a).

2. For the purpose of calculating the sentence ranges for offenses for which life imprisonment is a possible punishment, a life sentence is sixty (60) years. T.C.A. § 40–35–109(d)(1).

of the alleged excessiveness of the sentences. After considering the principles enunciated in T.C.A. § 40–35–103, we conclude that the sentences imposed are not excessive.

Although appellants do not specifically attack the trial court's discretion in imposing consecutive sentences in varying degrees upon them, they do request this Court to order all sentences to be served concurrently. We note that the determination of whether a sentence should be served concurrently or consecutively addresses itself to the sound discretion of the judge. T.C.A. § 40–20–111(a). We conclude that the trial judge properly found each appellant to be a "multiple offender."

*See Gray v. State,* 538 S.W.2d 391, 393 (Tenn.1976). Accordingly, appellants qualified for consecutive sentencing, and the trial court did not abuse its discretion by imposing such sentencing. *Gray v. State, supra.* This issue is overruled.

The judgment of the trial court is affirmed.

CORNELIUS and SCOTT, JJ., concur.