# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

Assigned on Briefs February 13, 2002

## STATE OF TENNESSEE v. RICKY LYNN EARLS

**Direct Appeal from the Circuit Court for Marshall County**
**No. 14185    F. Lee Russell, Judge**

---

### No. M2001-00112-CCA-R3-CD - Filed July 18, 2002

---

Defendant appeals the sentences he received from convictions for two counts of forgery and one count of theft. The trial court found defendant to be a career offender and sentenced defendant to serve two sentences of six years each, to be served consecutively for an effective sentence of twelve years. Defendant contends that the sentences are excessive and that the trial court should have ordered the sentences to be served concurrently. We disagree and affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee (on appeal); Donna Leigh Hargrove, District Public Defender; and Andrew Jackson Dearing, III, Assistant Public Defender (at trial and on appeal), for the appellant, Ricky Lynn Earls.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. (Eddie) Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant, Ricky Lynn Earls, was indicted by a Marshall County Grand Jury on four counts of forgery, Class E felonies, and one count of theft, a Class A misdemeanor. A trial was held, and the jury found defendant guilty on all counts as charged. The trial court merged Counts One and Two together and Counts Three and Four together. The trial court subsequently held a sentencing hearing, found defendant to be a career offender, and sentenced defendant to six years on each forgery. The two six-year terms were ordered to be served consecutively. The trial court sentenced defendant to eleven months and twenty-nine days in the county jail for Count Five. The sentence

for Count Five was ordered to be served concurrently with the forgery sentences. Defendant's effective sentence is twelve years.

For good reason, defendant does not dispute the trial court finding that defendant is a career offender. Defendant's presentence report indicates that he has fifty-five prior convictions, fifty of which are felonies. Indeed, forty are for the same offense for which he stands convicted in the instant case - forgery of checks. Defendant argues that the proof shows for all five counts the total amount of money taken by defendant is $47.50. He contends that a twelve-year sentence is tantamount to sending him to jail for taking less than two cents per day. He contends this is an excessive sentence. While acknowledging under our sentencing guidelines that six years is the only sentence available as a career offender for forgery, defendant relies upon State v. Mynatt, 684 S.W.2d 103, 104-05 (Tenn. Crim. App. 1984), which stands for the proposition that a sentence falling within the statutory range may still be excessive. We disagree with defendant's assertions and conclude that his sentence is not excessive.

When there is a challenge to the length or manner of service of a sentence, this Court conducts a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1989). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In conducting a *de novo* review of a sentence, this Court must consider (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

A trial court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:
> (1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood; [or]
> (2) The defendant is an offender whose record of criminal activity is extensive[.]
Tenn. Code Ann. § 40-35-115(b)(1) and (2).

With regard to subsection (2) of the aforementioned statute, the trial court found that defendant has an "extraordinarily extensive" criminal record indicating criminal conduct "in a number of counties over a lengthy time period." Certainly the record supports this finding as defendant has fifty prior felony convictions. Further, we agree with the State that the record also

supports the application of subsection (1), although the trial court made no specific findings of fact. Without the findings, we review *de novo* with no presumption of correctness. Even so, it is easy to see that defendant's criminal activity has been a major, if not *the* major, source of his livelihood as his fifty prior felonies involved forgery or a type of theft. The evidence supports the proposition that defendant supports himself by stealing from others. The application of this factor is warranted.

Finally, we reiterate the trial court's comments that, due to his "extensive criminal record," there is very little possibility that defendant will be rehabilitated. Add to that defendant's "profound lack of remorse," and we are left with a defendant who simply wishes to cry foul while not even attempting to change his ways. All criminals must eventually account for their actions at some time. For this defendant, that time is now.

## CONCLUSION

Accordingly, we affirm the trial court judgment.

_____
JOHN EVERETT WILLIAMS, JUDGE